IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Michael J. Watanabe

Civil Action No. 08-cv-01657-MSK-MJW

GEORGIA E. LEE,

Plaintiff(s),

v.

JENNIFER M. LOVELESS,

Defendant(s).

MINUTE ORDER

      It is hereby **ORDERED** that Defendant's Motion for Rule 35 Examination of Plaintiff (docket no. 17) is **GRANTED** and Plaintiff Georgia E. Lee shall attend a physical examination by herself and without the accompaniment of any third-party, with Physical Medicine and Rehabilitation Specialist Gregory Reichhardt, M.D., at the offices of Rehabilitation Associates, Co., 8515 Pearl Street, #100, Denver, Colorado 80229, (303) 255-4000, at a date and time to be set by the parties.  The parties shall forthwith meet and confer and set a time and date of independent medical examination (IME) with Dr. Reichhardt.  Plaintiff has failed to file any timely response to the subject motion (docket no. 17) and therefore the subject motion( docket no. 17) is deemed confessed. It should be noted that in the subject motion (docket no. 17), under paragraph 1, it states, *in pertinent part*: ..."Counsel for plaintiff does not object to an examination of plaintiff, but will not consent to an examination unless a third-party is permitted to attend..."

      It is **FURTHER ORDERED** that Plaintiff's Motion for Rule 26 Protective Order (docket no. 19) is **DENIED.**

      Fed. R. Civ. P. 35 provides, *in pertinent part*, "[t]he court ... may order a party whose mental or physical condition... is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner."

      A plaintiff is not entitled to have a third party or recording device present at a Rule 35 evaluation.  <u>Douponce v. Drake</u>, 183 F.R.D. 565, 567 (D. Colo. 1998); *see* also <u>Hayes v. City of Denver</u>, 854 P.2d 1240, 1243 (Colo. 1993)(held that a petitioner does not have the right to have an attorney or third party accompany her to a Rule 35 examination and recognized that federal courts have construed the federal rule to prohibit the attendance of attorneys at medical examinations of clients).  Because Fed. R. Civ. P. 35 is silent on who may attend a physical or mental examination, the issue is

left to the Court's discretion.  <u>Tarte v. United States</u>, 249 F.R.D. 856, 858 (S.D. Fla. 2008).  Here, the court finds, in its discretion, that Plaintiff has failed to demonstrate any bias or prejudice on behalf of Dr. Reichhardt that would warrant the relief sought to have a third–party present during the IME.  Plaintiff has failed to present any evidence to suggest that fraud, abuse, lack of professionalism, or hostility will be issues during an IME conducted by Dr. Reichhardt.  Lastly, the court finds that permitting a third-party medical professional or Plaintiff's attorney to attend a Rule 35 examination would have a chilling effect on the openness and candor of both Plaintiff and the IME doctor.

Date:  January 13, 2009